# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FRANCIS DURDEN,<br><br>              Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>              Defendants. | CASE NO. 1:11-cv-01019-AWI-GBC (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

## Screening Order

### I. Procedural History

On June 6, 2011, Plaintiff Larry Francis, a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, naming defendants from California Correctional Institution in Tehachapi, California.[1] *See* Pl. Compl. Doc. 1. On July 1, 2011, Plaintiff filed an "Affidavit / Second Extension to First Complaint." Doc. 8. On July 5, 2011, Plaintiff filed a document entitled "Plaintiff States a Claim." Doc. 10.[2] On November 18, 2011 and November 23, 2011, Plaintiff filed documents entitled "Affidavits." Docs. 32, 34, & 36. These various filings to supplement Plaintiff's complaint violate Local Rule 220. In the interest of judicial economy, the Court will consider Plaintiff's supplemental pleadings but solely in this first screening.

//

---

[1] Plaintiff is now incarcerated at R.J. Donovan Correctional Facility in San Diego, California.

[2] The case docket labels this document as "First Amended Complaint."

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

## III. Plaintiff's Complaint

### A. Allegations of Impeding U.S. Mail

While much of Plaintiff's initial complaint is illegible, Plaintiff does make allegations of impeding U.S. Mail and demands that Defendants take a lie detector test. Pl. Compl. at 4, Doc. 1. Plaintiff states that Defendant Staton lied when he said he mailed Plaintiff's letters because he was walking back from the trash receptacle. *Id.* On July 1, 2011, Plaintiff filed an Affidavit / Second

Extension to First Complaint, again alleging impeding U.S. Mail and demanding a lie detector test. Pl. Ext. Compl. at 1, Doc. 8. Plaintiff further alleges that C.O. Jordan and C.O. Medina stopped the passage of U.S. Mail. *Id.* C.O. Jordan and C.O. Medina would take Plaintiff's U.S. Mail from the outer cell door and slide it under the cell door to enable them both from participating in the delivery of outside mail. *Id.* Plaintiff yelled at Defendants that Plaintiff had a deadline to meet. *Id.* Defendants would say they did not care that Plaintiff has a deadline to the U.S. Courts, and they would leave, laughing at Plaintiff. *Id.*

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by prison officials under certain circumstances. *Witherow*, 52 F.3d at 265 ; *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (*per curiam*) (outgoing mail); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (incoming mail). Plaintiff has not alleged any facts supporting a claim that the Defendants named in this action violated his rights under the First Amendment by impermissibly interfering with his incoming or outgoing mail. Plaintiff simply alleges that Defendant was walking from the direction of the trash receptacle, and that Defendants slid his mail under his cell door. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon interference with his First Amendment right to send and receive mail.

### B. Allegations of Denial of Access to Courts

On July 5, 2011, Plaintiff filed a document entitled "Plaintiff States a Claim." Doc. 10. Plaintiff again alleged impeding the passage of U.S. Mail. *Id.* Plaintiff further alleged that due to Defendants actions in impeding his mail, he was unsuccessful in his court case, civil action number 2:11-cv-01512-DAD (PC). *Id.* Plaintiff alleged a conspiracy to impede his U.S. Mail. *Id.* Plaintiff said that Defendant Staton ran out of the building with Plaintiff's mail and returned thirty seconds later. *Id.* Plaintiff states that it would take fifteen minutes to mail Plaintiff's letters. *Id.* Plaintiff alleged that his court case was dismissed because of Defendants' interference with his U.S. Mail. *Id.*

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of

1  access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and
2  is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354.
3  To bring a claim, a prisoner must have suffered an actual injury by being shut out of court.
4  *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588
5  F.3d 652, 655 (9th Cir. 2009).

6  Plaintiff contends that Defendants prevented him from prevailing in civil action number
7  2:11-cv-01512-DAD (PC). Plaintiff initially filed this case in the Sacramento Division of the Eastern
8  District of California, and the Court assigned it civil action number 2:11-cv-01512-DAD (PC). The
9  Court then ordered an intradistrict transfer to the Fresno division and assigned civil action number
10 1:11-cv-01019-AWI-GBC (PC). Therefore, the case Plaintiff alleges that Defendants interfered with
11 is actually the instant action. Thus, there can be no injury and no denial of access to the courts
12 because the case that Plaintiff contends was dismissed is the instant case Plaintiff is actively
13 litigating. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under
14 § 1983 based upon denial of access to courts.

15 ### C. Allegations of Supervisory Liability

16 In Plaintiff's document entitled "Plaintiff States a Claim," he alleges that "someone higher
17 up" in the Warden's office told Defendants Staton, Jordan, and Medina to stop Plaintiff's U.S. Mail.
18 Doc. 10 at 1.

19 With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still
20 demonstrate that each named defendant personally participated in the deprivation of his rights.
21 *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir.
22 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.
23 Supervisors may only be held liable if they "participated in or directed the violations, or knew of the
24 violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);
25 *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570
26 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th
27 Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed
28 on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49;

*Ewing*, 588 F.3d at 1235.

Defendants Warden and Asst. Warden may not be held liable based on their positions of authority as Plaintiff has not alleged any facts linking them to acts or omissions which suggest they were personally involved in acting to impede Plaintiff's U.S. Mail. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. A bare allegation by Plaintiff that "someone higher up" in the Warden's office told Defendants Staton, Jordan, and Medina to stop Plaintiff's U.S. Mail is insufficient to hold supervisory defendants liable. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon supervisory liability.

### D. Eleventh Amendment Immunity

Plaintiff is attempting to impose liability on the CDCR. As a state agency, the CDCR is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the CDCR is an improper defendant in this action and is entitled to dismissal. *Id.* Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against the CDCR.

### E. Frivolous and Fanciful Allegations

In addition to Plaintiff's claims of impeding U.S. Mail and denial of access to courts, Plaintiff makes many unsubstantiated and unrelated allegations. In Plaintiff's Affidavit / Second Extension to First Complaint, Plaintiff simply cites the Patriot Act, the R.I.C.O. Racketeering statute, criminal conspiracy, and guilt by association. Pl. Ext. Compl. at 1, Doc. 8. Plaintiff demanded that a forensic toxicology hair, blood, urine, and lie detector test be given to all Defendants. *Id.* In Plaintiff's document entitled "Plaintiff States a Claim," Plaintiff alleged a Writ of Habeas Corpus and the U.S. Congressional Enactment of 1778. Doc. 10. On November 18, 2011, Plaintiff filed an "Affidavit" alleging proximate cause, requested a *Daubert* hearing, and demanded that the United States Marshals take a lie detector test. Doc. 32. Plaintiff also filed a document to all "Your Honors, Jurisprudence of the Eastern District," regarding the U.S. Constitution and the Declaration of Independence, stating that his language is American, referencing the War of 1812, and making allegations about cryogenics. Doc. 34. On November 23, 2011, Plaintiff filed an "Affidavit" entitled "Peace Stillness," alleging that cryogenics would save billions of dollars and illustrating the organs

of a refrigerated human body. Doc. 36.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) ( *Bivens* action); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995) (non-prisoner § 1983 action); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir.1991) (prisoner § 1983 action). Plaintiff's various citations to unrelated statutes, rules, historical events, the Federal Rules of Evidence in a criminal case, and controversial topics in prisons have no factual support or no bearing on a § 1983 civil action and will be dismissed as frivolous.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//

//

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff shall file one document, entitled SECOND AMENDED COMPLAINT;
5. The Court will screen solely the document entitled SECOND AMENDED COMPLAINT; and
6. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 8, 2011

UNITED STATES MAGISTRATE JUDGE