# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FRANCIS DURDEN, | CASE NO. 1:11-cv-01019-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CDCR, et al., | |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

### Screening Order

### I. Procedural History

On June 6, 2011, Plaintiff Larry Francis Durden, a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, naming defendants from California Correctional Institution in Tehachapi, California ("CCI").[1] *See* Pl. Compl. Doc. 1. On July 1, 2011, Plaintiff filed an "Affidavit / Second Extension to First Complaint." Doc. 8. On July 5, 2011, Plaintiff filed a document entitled "Plaintiff States a Claim." Doc. 10.[2] On November 18, 2011 and November 23, 2011, Plaintiff filed documents entitled "Affidavits." Docs. 32, 34, & 36. Although these various filings violated Local Rule 220, the undersigned considered Plaintiff's supplemental pleadings in the first screening, in the interest of judicial economy. On December 8, 2011, the Court issued a screening order, dismissing Plaintiff's case, with leave to file an amended complaint. Doc. 39. On December 19, 2011, Plaintiff filed his second amended complaint. Doc. 40.[3]

---

[1] Plaintiff is now incarcerated at R.J. Donovan Correctional Facility in San Diego, California ("R.J. Donovan").

[2] The case docket labels this document as "First Amended Complaint."

[3] On December 23, 2011, December 29, 2011, and December 30, 2011, Plaintiff filed four "Affidavits of Extension of Second Amended Complaint." Docs. 42-45. As the Court stated in its original screening order, the Court will not consider any of these supplemental filings, as a violation of Local Rule 220.

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

## III. Plaintiff's Second Amended Complaint

### A. Allegations of Impeding U.S. Mail

In Plaintiff's second amended complaint, he states that the United States Postal Service stopped his mail for being a sex offender. Pl. Compl. at 2, Doc. 40. Plaintiff states that in March and April 2011, Defendant Staton was the last human being who had his trust fund statement and it never made it to the trust fund office. *Id.* at 4. Plaintiff further alleges that all Defendants stopped his trust

1  fund statement from arriving at the trust fund office. *Id.* at 5.

2       Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52

3  F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by

4  prison officials under certain circumstances. *Witherow*, 52 F.3d at 265 ; *Barrett v. Belleque*, 544 F.3d

5  1060, 1062 (9th Cir. 2008) (*per curiam*) (outgoing mail); *Prison Legal News v. Lehman*, 397 F.3d

6  692, 699 (9th Cir. 2005) (incoming mail). Plaintiff has not alleged any facts supporting a claim that

7  the Defendants named in this action violated his rights under the First Amendment by impermissibly

8  interfering with his incoming or outgoing mail. Plaintiff simply alleges that Defendant Staton was

9  the last human being who had his trust fund statement. Accordingly, the undersigned recommends

10  that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon interference with

11  his First Amendment right to send and receive mail.

12       **B. <u>Allegations of Denial of Access to Courts</u>**

13       Plaintiff alleges that since Defendants prevented his trust fund statement from arriving at

14  the trust fund office, he was unsuccessful in his court case, *Durden v. Albertazzi*, 2:11-cv-00215-EFB

15  (E.D. Cal.).[4] Pl. Compl. at 1, 4-5, Doc. 40. Plaintiff also alleges he can only go to the law library

16  twice a month and "they" will not let him have his legal law material. *Id.* at 5.

17       Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518

18  U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of

19  access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and

20  is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354.

21  To bring a claim, a prisoner must have suffered an actual injury by being shut out of court.

22  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588

23  F.3d 652, 655 (9th Cir. 2009).

24       Plaintiff states he can only go to the law library twice a month and "they" will not let him

25  have his legal law material. However, Plaintiff does not allege any actual injury as a result of his

26  alleged inadequate access to the prison law library and legal research materials. *Lewis*, 518 U.S. at

27

28      [4] In Plaintiff's complaint, he cites civil action number 2:11-cv-01512-DAD, which is *Durden v. CDCR*. However, Plaintiff refers to *Durden v. Albertazzi*, which is civil action number 2:11-cv-00215-EFB.

351. Plaintiff contends that Defendants prevented him from prevailing in *Durden v. Albertazzi*, 2:11-cv-00215-EFB. In *Durden v. Albertazzi*, the Court ordered Plaintiff to submit a trust fund statement. Doc. 7. On March 7, 2011, Plaintiff responded to the court but failed to provide a trust fund statement. Doc. 9. On March 30, 2011, Plaintiff sent the court a notice that he has problems receiving his mail but still failed to submit a trust fund statement. Doc. 10. On April 25, 2011, Plaintiff submitted a change of address and affidavit but still failed to submit a trust fund statement. Doc. 12. On May 19, 2011, the court dismissed Plaintiff's case, without prejudice, for failing to provide a trust fund statement. Doc. 13. Thus, Plaintiff sent the court three items of correspondence before the court dismissed his case for failing to provide a trust fund statement. Moreover, the court dismissed his case without prejudice. Therefore, Defendants could not have denied him access to the courts when he was able to submit three items of correspondence to the court after the court ordered him to submit a trust fund statement. In addition, the case was dismissed without prejudice. Accordingly, the undersigned recommends that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon denial of access to courts.

## C. Allegations of Supervisory Liability

In Plaintiff's second amended complaint, he names Associate Warden Byant but does not make any allegations against the associate warden.

With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Plaintiff may not hold the associate warden liable based on his position of authority as Plaintiff has not alleged any facts linking him to acts or omissions which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the undersigned recommends that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon supervisory liability.

### D. Eleventh Amendment Immunity

In Plaintiff's second amended complaint, he names the CDCR and CCI. As a state agency, the CDCR and CCI are entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the CDCR and CCI are improper Defendants in this action and entitled to dismissal. *Id.* Accordingly, the undersigned recommends that Plaintiff fails to state a cognizable claim for relief under § 1983 against the CDCR and CCI.

### E. Improper Venue

In Plaintiff's second amended complaint, he names R.J. Donovan. Venue for Plaintiff's claims against R.J. Donovan is not proper in the Eastern District of California and may not be pursued in this action. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); *see also Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If Plaintiff wishes to pursue a claim against R.J. Donovan, he may file a new action in the correct district. Accordingly, the undersigned recommends that Plaintiff fails to state a cognizable claim for relief under § 1983 against R.J. Donovan.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the undersigned HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: ___January 17, 2012___                    _____
                                                 UNITED STATES MAGISTRATE JUDGE